Frank J. Rubino
Corporation Counsel of the
City of Yonkers
Attorneys for the Defendant
The City of Yonkers
City Hall, Room 300
Yonkers, New York 10701
(914) 377-6206
By: Thomas F. Cathcart (TC 6363)
Assistant Corporation Counsel



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CRAIG HERNANDEZ,

                Plaintiffs,

   -against-                             **ANSWER**

CITY OF YONKERS,                      07CV 11026
                                                       (KMK)

                Defendant.
------------------------------------------------------------X

     Defendant the City of Yonkers by their attorney, Frank J. Rubino, Corporation Counsel for the City of Yonkers, as and for their Answer to the Complaint respectfully allege the following:

     1.    Deny the allegations set forth in the Complaint for employment discrimination. Defendant denies that it discriminated against the plaintiff and violated:

The Americans with disabilities Act of 1990, as codifiece 42 U.S.C.
§ § 12112 -12117.

     2.    Deny the allegations set forth in the complaint for employment discrimination defendant denies that it discriminated against the plaintiff and violated the: New York State Human Rights Law, N.Y. Exec. Law §§ 290 and 297 (age, race,

creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

3. Deny the allegations set forth in the complaint for employment discrimination defendant denies that it discriminated against the plaintiff and violated: New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, or lineage, citizenship status).

4. Deny the allegations set forth in the complaint. Denies the allegation that defendant conducted discriminatory conduct in the termination of plaintiffs employment.

5. Deny the allegations set forth in the complaint. Denies the allegation that defendant conducted discriminatory conduct in the failure to accommodate plaintiff's disability.

6. Deny the allegations set forth in the complaint. Denies the allegation that defendant conducted discriminatory conduct in the unequal terms and conditions of plaintiff's employment.

7. Deny the allegations set forth in the paragraph of the complaint alleging "Other Acts".

8. Defendant denies terminating plaintiffs employment without 30 days notice.

9. Defendant denies the premature termination in violation of the alleged law of New York State plaintiff raises.

10. Defendant denies the alleged discriminatory acts occurred on October 2003.

11. Deny the allegation set forth in the complaint alleging "paragraph D" alleging disability or perceived disability, lung disease.

12. Denies each and every allegation set forth in the paragraphs designated II, "B", "D', "E", III "A", III "B", IV of the complaint, and respectfully refers all questions of law to the Court, except those allegations of the complaint which contain conclusions of law rather than statements of fact and which therefore require no response.

## AS AND FOR A FIRST DEFENSE:

13. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE:

14. Defendant actions were in good faith and for good cause including, but not limited to, legitimate, rational, and appropriate governmental interests.

## AS AND FOR A THIRD DEFENSE:

15. Injuries and damages to the plaintiff were caused in whole or in part or were contributed to by the culpable conduct and intentional on the part of plaintiff.

## AS AND FOR A FOURTH DEFENSE:

16. At all times relevant to the Complaint, defendant have been in compliance with all requirements under the statutes cited by the Complaint.

## AS AND FOR A SIXTH DEFENSE:

17. Defendant acted reasonably in good faith and without malice, in conformity with all applicable regulations.

## AS AND FOR A SEVENTH DEFENSE:

18. The New York City Human Rights law is not applicable to the City of Yonkers;

## AS AND FOR A EIGHTH DEFENSE:

19. Inasmuch as the plaintiff had the full opportunity to litigate and present his evidence before the New York State Commission on Human Rights, with respect to his allegations of violation of the New York State Human Rights Law, the Plaintiff is now barred from re-litigating the same issues before this Court.

WHEREFORE, defendant The City of Yonkers requests judgment dismissing the Complaint together with costs, disbursements, and attorneys' fees and any other relief the Court deems just and proper.

Dated: Yonkers, New York
       January 9, 2008

Frank J. Rubino
Corporation Counsel of the
City of Yonkers
Attorney for the Defendant
The City of Yonkers
City Hall, Room 300
Yonkers, New York 10701
(914) 377-6206

By: Thomas F. Cathcart
Assistant Corporation Counsel

STATE OF NEW YORK        )
COUNTY OF WESTCHESTER ) ss.:
CITY OF YONKERS          )

AGNES D. SERPA, being duly sworn, deposes and says:

That she is a Legal Secretary in the Law Department, City Hall, Yonkers, New York. That on the 9th day of January, 2008, she served the within **ANSWER** upon the claimant in this action by depositing a true copy of the same securely enclosed in a post-paid wrapper in the Post Office box regularly maintained by the U. S. Postal Corporation in Yonkers, New York, in said County of Westchester, directed to said claimant of record at the address within the state designated by him for that purpose upon the preceding papers in this action, between which places there then was and now is a regular communication by mail, addressed as follows:

TO:  Craig Hernandez
     381 Willis Avenue
     Hawthorne, NY 10532

Deponent is over the age of 21 years.

_____
AGNES D. SERPA

Sworn to before me this
9th day of January, 2008

_____
NICOLE GRECO
Commissioner of Deeds
City of Yonkers, NY
Commission Expires 11/30/09

STATE OF NEW YORK           )
COUNTY OF WESTCHESTER ) ss.:
CITY OF YONKERS             )

AGNES D. SERPA, being duly sworn, deposes and says:

That she is a Legal Secretary in the Law Department, City Hall, Yonkers, New York. That on the 9th day of January, 2008, she served the within **ANSWER** upon the claimant in this action by depositing a true copy of the same securely enclosed in a post-paid wrapper in the Post Office box regularly maintained by the U. S. Postal Corporation in Yonkers, New York, in said County of Westchester, directed to said claimant of record at the address within the state designated by him for that purpose upon the preceding papers in this action, between which places there then was and now is a regular communication by mail, addressed as follows:

TO:  Craig Hernandez
     381 Willis Avenue
     Hawthorne, NY 10532

Deponent is over the age of 21 years.

_____
AGNES D. SERPA

Sworn to before me this
9th day of January, 2008

_____
NICOLE GRECO
Commissioner of Deeds
City of Yonkers, NY
Commission Expires 11/30/09

PHILIP A. AMICONE  
MAYOR

FRANK J. RUBINO  
CORPORATION COUNSEL



CITY HALL  
YONKERS, NEW YORK 10701- 3883  
(914) 377-6240

DEPARTMENT OF LAW  
CITY OF YONKERS



January 8, 2008

The Honorable Kenneth M. Karas  
United States District Court  
Southern District of New York  
United States Courthouse  
300 Quarropas Street, Chambers 533  
White Plains, New York 10601-4150

              Re: <u>Hernandez v. City of Yonkers</u>  
                  "07CIV11026"

Dear Judge Karas:

    With respect to the Complaint filed in the above referenced matter and in accordance with the Court's individual rules, the defendant respectfully requests that the Court schedule a pre-motion conference as the defendant will seek permission to file a summary judgment motion.

    In his Complaint plaintiff is alleging that the defendant violated the Americans with Disabilities Act of 1990, The New York State Human Rights Law, and the New York City Human Rights Law, N.Y. City Admin. Code.

    On December 20, 2004, the plaintiff "Craig Hernandez" filed a complaint with the New York State Division of Human Rights and the U.S Equal Employment Opportunity Commission alleging that his employer the "City of Yonkers", failed to provide him with a reasonable accommodation and unlawfully terminated his employment in violation of the New York States Human Rights law (Executive Law, Article 15) and the Americans with Disabilities Act.

    Throughout the proceedings, plaintiff was represented by counsel, John J Grimes of Grimes & Zimet LLP. After extensive investigation, several preliminary conferences and a two day public hearing where the complainant and three City

1

of Yonkers employees testified and were extensively cross examined, the presiding Administrative Law Judge Lillian Estrella-Castillo dismissed all claims against the City of Yonkers.

In order to maintain an action based upon the American with Disabilities Act of 1990, the plaintiff is legally obligated to prove that he is able to perform the essential functions of the job with or without reasonable accommodation. 42 U.S.C.A. § 12111(5)(A).

Based upon the medical evidence produced at the state hearings, all of the doctors including the plaintiff's personal physician established with a reasonable degree of medical certainty that the plaintiff was not capable of performing his job then or at any time in the foreseeable future.

In her Recommended Findings of Fact, Opinion and Decision and Order the Honorable Judge Castillo stated:

"In this case, Complainant presented himself to the employer as being totally disabled and unable to perform his job. Complainant's and Respondent's doctors agreed that Complainant could not perform his job "now or in the foreseeable future." Complainant did not challenge the doctors' medical opinions. Complainant did not seek to return to work. Instead, Complainant applied for benefits which are more consistent with someone who is not seeking to return to work. When Respondent asked Complainant about his intentions about returning to work, Complainant had been out of work for almost twelve months. Complainant did not respond with a specific return date or with a request that additional time would render him capable of reasonably performing his job. Rather, he stated that he needed a year to "weight his options".

Furthermore, the commission noted that the Complainant was not credible when he testified that he asked for a transfer.

On September 6, 2007, the U.S. Equal Employment Opportunity Commission adopted the findings of the New York State Division of Human Rights and also dismissed all charges against the City of Yonkers.

In view of the forgoing the defendant anticipates moving for summary judgment to dismiss that portion of the plaintiff's complaint that the defendant violated the New York State Human Rights Law and the Americans with Disabilities Act of 1990. In addition, inasmuch as the New York City Human Rights Law is not applicable to the City of Yonkers, the defendant also anticipates moving to dismiss that portion of the plaintiff's complaint, as a matter of law.

2

The defendant respectfully requests a pre-motion conference hearing.

Respectfully submitted,

Frank J. Rubino
Corporation Counsel

By: _____
Thomas F. Cathcart (TC6363)
Assistant Corporation Counsel

Frank J. Rubino
Corporation Counsel of the
City of Yonkers
Attorneys for the Defendant
The City of Yonkers
City Hall, Room 300
Yonkers, New York 10701
(914) 377-6206
By: Thomas F. Cathcart (TC 6363)
Assistant Corporation Counsel



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CRAIG HERNANDEZ,

                         Plaintiffs,

      -against-                               **ANSWER**

CITY OF YONKERS,                            07CV 11026
                                                         (KMK)

                        Defendant.
----------------------------------------------------------------X

      Defendant the City of Yonkers by their attorney, Frank J. Rubino, Corporation Counsel for the City of Yonkers, as and for their Answer to the Complaint respectfully allege the following:

      1.     Deny the allegations set forth in the Complaint for employment discrimination. Defendant denies that it discriminated against the plaintiff and violated:

      The Americans with disabilities Act of 1990, as codifiece 42 U.S.C. § § 12112 -12117.

      2.     Deny the allegations set forth in the complaint for employment discrimination defendant denies that it discriminated against the plaintiff and violated the: New York State Human Rights Law, N.Y. Exec. Law §§ 290 and 297 (age, race,

creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

3. Deny the allegations set forth in the complaint for employment discrimination defendant denies that it discriminated against the plaintiff and violated: New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, or lineage, citizenship status).

4. Deny the allegations set forth in the complaint. Denies the allegation that defendant conducted discriminatory conduct in the termination of plaintiffs employment.

5. Deny the allegations set forth in the complaint. Denies the allegation that defendant conducted discriminatory conduct in the failure to accommodate plaintiff's disability.

6. Deny the allegations set forth in the complaint. Denies the allegation that defendant conducted discriminatory conduct in the unequal terms and conditions of plaintiff's employment.

7. Deny the allegations set forth in the paragraph of the complaint alleging "Other Acts".

8. Defendant denies terminating plaintiffs employment without 30 days notice.

9. Defendant denies the premature termination in violation of the alleged law of New York State plaintiff raises.

10. Defendant denies the alleged discriminatory acts occurred on October 2003.

11. Deny the allegation set forth in the complaint alleging "paragraph D" alleging disability or perceived disability, lung disease.

12. Denies each and every allegation set forth in the paragraphs designated II, "B", "D', "E", III "A", III "B", IV of the complaint, and respectfully refers all questions of law to the Court, except those allegations of the complaint which contain conclusions of law rather than statements of fact and which therefore require no response.

### AS AND FOR A FIRST DEFENSE:

13. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE:

14. Defendant actions were in good faith and for good cause including, but not limited to, legitimate, rational, and appropriate governmental interests.

### AS AND FOR A THIRD DEFENSE:

15. Injuries and damages to the plaintiff were caused in whole or in part or were contributed to by the culpable conduct and intentional on the part of plaintiff.

### AS AND FOR A FOURTH DEFENSE:

16. At all times relevant to the Complaint, defendant have been in compliance with all requirements under the statutes cited by the Complaint.

### AS AND FOR A SIXTH DEFENSE:

17. Defendant acted reasonably in good faith and without malice, in conformity with all applicable regulations.

### AS AND FOR A SEVENTH DEFENSE:

18. The New York City Human Rights law is not applicable to the City of Yonkers;

### AS AND FOR A EIGHTH DEFENSE:

19. Inasmuch as the plaintiff had the full opportunity to litigate and present his evidence before the New York State Commission on Human Rights, with respect to his allegations of violation of the New York State Human Rights Law, the Plaintiff is now barred from re-litigating the same issues before this Court.

WHEREFORE, defendant The City of Yonkers requests judgment dismissing the Complaint together with costs, disbursements, and attorneys' fees and any other relief the Court deems just and proper.

Dated: Yonkers, New York
       January 9, 2008

Frank J. Rubino
Corporation Counsel of the
City of Yonkers
Attorney for the Defendant
The City of Yonkers
City Hall, Room 300
Yonkers, New York 10701
(914) 377-6206

_____
By: Thomas F. Cathcart
Assistant Corporation Counsel

STATE OF NEW YORK            )
COUNTY OF WESTCHESTER ) ss.:
CITY OF YONKERS              )

AGNES D. SERPA, being duly sworn, deposes and says:

That she is a Legal Secretary in the Law Department, City Hall, Yonkers, New York. That on the 9th day of January, 2008, she served the within **ANSWER** upon the claimant in this action by depositing a true copy of the same securely enclosed in a post-paid wrapper in the Post Office box regularly maintained by the U. S. Postal Corporation in Yonkers, New York, in said County of Westchester, directed to said claimant of record at the address within the state designated by him for that purpose upon the preceding papers in this action, between which places there then was and now is a regular communication by mail, addressed as follows:

TO:   Craig Hernandez
      381 Willis Avenue
      Hawthorne, NY 10532

Deponent is over the age of 21 years.

_____
AGNES D. SERPA

Sworn to before me this
9th day of January, 2008

_____
NICOLE GRECO
Commissioner of Deeds
City of Yonkers, NY
Commission Expires 11/30/09

STATE OF NEW YORK         )
COUNTY OF WESTCHESTER ) ss.:
CITY OF YONKERS           )

AGNES D. SERPA, being duly sworn, deposes and says:

That she is a Legal Secretary in the Law Department, City Hall, Yonkers, New York. That on the 9th day of January, 2008, she served the within **ANSWER** upon the claimant in this action by depositing a true copy of the same securely enclosed in a post-paid wrapper in the Post Office box regularly maintained by the U. S. Postal Corporation in Yonkers, New York, in said County of Westchester, directed to said claimant of record at the address within the state designated by him for that purpose upon the preceding papers in this action, between which places there then was and now is a regular communication by mail, addressed as follows:

TO:   Craig Hernandez
      381 Willis Avenue
      Hawthorne, NY 10532

Deponent is over the age of 21 years.

_____
AGNES D. SERPA

Sworn to before me this
9th day of January, 2008

_____
NICOLE GRECO
Commissioner of Deeds
City of Yonkers, NY
Commission Expires 11/30/09